[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an application for reinstatement to the bar of the State of Connecticut.
Pursuant to Section 36 of the Practice Book, Stephen B. Horton, the applicant, presented himself before the Committee On Recommendations For Admission To The Connecticut Bar on September 30, 1992.
After investigating the application, the Committee recommended that the applicant be returned to the practice of law subject to the following conditions:
1. That a Trustee be appointed pursuant to Practice Book Section 46b, to monitor the cases upon which the applicant works.
2. The applicant on a quarterly basis would make a written report to the Trustee listing the cases upon which he has worked.
3. Beginning six (6) months following his readmission and every six months thereafter for a total period of twenty-four (24) months, the Trustee would report to the Court.
4. The Court shall direct that the Trustee have the right to discuss Horton's cases with him and at his discretion, get periodic medical reports from Horton's physician or a physician of the Trustee's choosing.
5. That the applicant be required to maintain active participation in cocaine anonymous, narcotics anonymous and/or alcoholics anonymous, in all of which he testified to having active participation.
6. That the applicant be willing to submit to random urinalysis at the request of the Trustee on a reasonable basis, CT Page 2527 no fewer than three (3) times a year.
7. That any violation of the aforesaid conditions would require the applicant and/or the Trustee to forthwith petition the Court to reconsider the applicant's conditional license.
8. The aforesaid conditions will remain in effect for a period of three (3) years from the date he is conditionally readmitted.
Pursuant to Section 36 of the Practice Book the Chief Justice of the Supreme court appointed this three-judge panel to determine whether the application should be granted.
The applicant is 56 years of age having practiced law in the state of Connecticut for approximately seventeen years prior to his suspension in 1989. The applicant has practiced primarily in the field of immigration law.
The applicant was suspended from the practice of law in Connecticut on May 11, 1989 based upon a conviction in the federal court on two felony charges relating to possession with intent to distribute a quantity of cocaine. The applicant was suspended indefinitely with no right to reapply for reinstatement for a period of three years from May 11, 1989. The applicant's right to practice law in the federal courts was suspended on July 15, 1988.
On January 15, 1991, the Honorable Peter C. Dorsey granted the applicant's petition for reinstatement to the federal bar with the following remarks in his Memorandum of Decision:
 It is found that as now presented, by his conduct since his conviction, petitioner is fit to resume the practice of law in this court as it is highly probable that he will do so in the high traditions required and that, though, as with any human, impropriety (sic) on his part cannot be guaranteed absolutely, it is found to be unlikely that the conduct which led to this conviction will be repeated.
No conditions were imposed upon the applicant for his reinstatement to practice before the federal bar. CT Page 2528
The Committee, in its report to the court, made the following comments, "The Committee has no concerns over the legal ability of the applicant. . . . From everything presented to the Committee on behalf of the applicant, we are confident that he no longer poses a threat to society or a danger to his clients and our profession. His long hard struggle to regain his personal and professional dignity over a period of many years, should be recognized and rewarded. From all indications, the applicant is in all respects ready to resume the practice of law. . . . The Committee was impressed with the candor of his remarks clearly choosing to accept full responsibility for his problems rather then (sic) attempting to shift the blame. The applicant has made tremendous progress in overcoming a serious substance abuse problem. He regularly attends group support meetings of cocaine anonymous and alcoholics anonymous. He is surrounded by people who love and support his recovery. His wife of four years testified that in her opinion he had been `clean' for four years and that he didn't need to attend meetings because he was protected by simply knowing that the tools of support were immediately available. She further testified that although under stress, she was confident that his life was under control. . . ."
At the hearing before the three-judge panel, the applicant stated that he had adopted the two young children of his present wife in a probate proceeding before the probate court for the District of Stamford. The applicant recited that his background was investigated by a state agency. He was found by the state agency, and the probate court to be a fit parent for the children in spite of his prior history.
After considering the statements made to this court from the applicant, his attorney, and the witnesses presented by the applicant, i.e. Dr. John Felber, and the applicant's mother, Mrs. Miriam Holstein, and considering the report and recommendations of the Committee, we, the three-judge panel, find that the applicant is fit to resume the practice of law, and that it is highly probable that he will do so in the high tradition of the bar. This court therefore grants the application of Stephen B. Horton to be reinstated to practice law in the state of Connecticut as of the date of this decision without conditions.
The panel finds no authority for the appointment of CT Page 2529 a trustee for an attorney who has been reinstated to practice law. Section 46b of the Practice Book only authorizes the appointment of a trustee for an attorney who has been placed on inactive status, suspended, disbarred or resigns.
In view of the Committee's report that it has no concerns over the legal ability of the applicant; and the applicant's reinstatement to practice in the federal bar, we see no reason to appoint a trustee to review the legal practice of the applicant. We note that the applicant was reinstated to the federal bar two years ago. Since that time nothing has arisen to show that the confidence given by the federal court in reinstating the applicant has been misplaced.
The applicant has represented to this court that he has maintained an active participation in support groups of cocaine anonymous and alcoholics anonymous, and intends to remain with these support groups over an extended period of time. Dr. John Felber, a psychiatrist, fully supports the applicant's petition for reinstatement and has confidence in the applicant's ability to be a person of high integrity and character. The applicant's petition for reinstatement has been supported by letters from over a hundred practicing attorneys, members of the Connecticut Bar, who attest to his present legal ability, and to his present character and integrity.
"The readmission process following the indefinite suspension of an attorney must focus . . . on the issue of present fitness to practice." In re Application of Pagano,207 Conn. 336, 345 (1988).
Based upon what this court has considered, the applicant is presently fit to practice law, and he is reinstated to the bar of the State of Connecticut as of this date.
Arnold W. Aronson, J. Chair
Frances Allen, J.
Richard A. Walsh, J. CT Page 2530